UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Earl Gundy, | Case No. 17-cv-398 (MJD/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Robert Earl Gundy, No. 182060-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814 (pro se Petitioner); and

Ana H. Voss, Bahram Samie, D. Gerald Wilhelm, and Erin M. Secord, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Robert Earl Gundy's petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1.) This matter has been referred to the undersigned for a report and recommendation to the Honorable Michael J. Davis, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that the Petition be denied.

## II.  BACKGROUND

In 2014, Petitioner appeared in the United States District Court for the District of Minnesota and pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341.

1

*See United States v. Gundy*, No. 14-cr-279 (PJS) (D. Minn.). (Decl. of Deborah Colston ¶ 5, ECF No. 11; Ex. B to Colston Decl., ECF No. 11-2.) Petitioner was conditionally released on bond the same day. (Colston Decl. ¶ 6; Ex. D to Colston Decl., ECF No. 11-4.)[1]

Petitioner was ultimately sentenced to 41 months' imprisonment on November 24, 2015. (Colston Decl. ¶ 9; Ex. I to Colston Decl., ECF No. 11-9.) Petitioner was released the following day on a new bond requiring him to reside in a halfway house. (Colston Decl. ¶ 8; Ex. H to Colston Decl., ECF No. 11-8.) Petitioner voluntarily surrendered to the Federal Bureau of Prisons ("BOP") on January 7, 2016. (Colston Decl. ¶ 15; Ex. A to Colston Decl., ECF No. 11-1.) His projected release date is November 7, 2018 via good conduct time release. (Colston Decl. ¶ 18; Ex. A to Colston Decl.)

Petitioner submitted an informal "Inmate Request to Staff" form seeking credit for the 43 days he spent in the halfway house prior to voluntarily surrendering himself. (Attach. 2 to Pet.; Colston Decl. ¶ 17.) BOP staff responded that "time spent under restrictive conditions of release (including community treatment center . . . or similar facility) was not official detention entitling an inmate to prior custody time credit." (Attach. 2 to Pet.)

---

[1] Between the time Petitioner pleaded guilty and the time of his sentencing, Petitioner was arrested and held on two occasions for violating the conditions of his release. (Colston Decl. ¶¶ 7, 8; *see* Ex. C to Colston Decl., ECF No. 11-3; Ex. E to Colston Decl., ECF No. 11-5; Ex. F to Colston Decl., ECF No. 11-6; Ex. G to Colston Decl., ECF No. 11-7.)  When computing his sentence, the BOP gave Petitioner prior custody credit for the time spent in official detention in connection with violating his conditions of release. (Colston Decl. ¶¶ 14, 16; Ex. A to Colston Decl.) This time is not at issue in the instant Petition.

2

### III. ANALYSIS

Petitioner now brings the instant Petition, seeking 43 days' credit to his federal sentence for time spent at the halfway house. Respondent requests that the Petition be denied because Petitioner failed to exhaust administrative remedies and is not entitled to receive credit for time when he was not in official detention.

### A. Administrative Exhaustion

Administrative remedies must be exhausted prior to seeking habeas corpus relief regarding computation of custody credit. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Attached to the Petition is a January 2017 letter from the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas, denying a *nunc pro tunc* designation for Petitioner. (Attach. 1 to Pet.; *see* Resp. to Pet. at 8, ECF No. 9.) Petitioner relies on this letter as proof that he has exhausted his administrative remedies. (Pet. at 5.) It is unclear, however, whether this letter concerned credit for the 43 days Petitioner spent at the halfway house at issue here or credit for a related state case that Petitioner also believed was not accurately included in his sentence computation. (*See* Attach. 2 to Petition (referencing "state case—felony charge directly related to the case I am serving now").) Petitioner appears to believe that there are no further administrative remedies for him to pursue.

The BOP, however, has an established, three-tier administrative process. *Simon v. La Riva*, No. 16-cv-00146 (ADM/TNL), 2016 WL 1626819, at *3 (D. Minn. Mar. 10, 2016), *adopting report and recommendation*, 2016 WL 1610603 (D. Minn. Apr. 21,

2016); *see* 28 C.F.R. §§ 542.13-.15. "This program is designed to allow inmates to voice their grievances and provide the BOP an opportunity to resolve issues inhouse prior to an inmate seeking judicial relief." *Lopez v. Fisher*, No. 10-cv-3928 (PJS/SER), 2011 WL 3438861, at *3 (D. Minn. July 18, 2011), *adopting report and recommendation*, 2011 WL 3438720 (D. Minn. Aug. 5, 2011). The first tier of the process requires an inmate to seek informal resolution of the grievance and then, if unsatisfied with the response, send a formal written Administrative Remedy Request ("BP-9") to the warden of the facility where the inmate is confined. 28 C.F.R. §§ 542.13(a), 542.14(a). At the second tier, an inmate who is not satisfied with the warden's response may appeal to the appropriate BOP Regional Director on a BP-10 form. 28 C.F.R. § 542.15(a), (b)(1). Lastly, at the third tier, an inmate may appeal an unsatisfactory response from the BOP Regional Director to the General Counsel on a BP-11 form. 28 C.F.R. § 542.15(a), (b)(1). "Administrative remedies have been exhausted when the inmate either has heard from the General Counsel or once the General Counsel's time to reply has expired, including any extensions that may have been granted." *Simon*, 2016 WL 1626819, at *3.

Although Petitioner informally attempted to address the 43 days' credit, he did not complete the BOP's three-tier process and, in fact, did not even initiate a formal Administrative Remedy Request. (Decl. of Shannon Boldt ¶ 13, ECF No. 10; Ex. B to Boldt Decl., ECF No. 10-2.) On this basis alone, it would be appropriate for the Court to dismiss the Petition based on Petitioner's failure to exhaust his administrative remedies. *See, e.g.*, *Spriggs v. Cassette*, No. 09-cv-1634 (JMR/FLN), 2010 WL 915559, at *1, 3-4

(D. Minn. Mar. 9, 2010); *Akbar v. Babcock*, No. 09-cv-810 (DSD/SRN), 2009 WL 3062001, at *2-4 (D. Minn. Sept. 21, 2009).

At the same time, the exhaustion requirement "is judicially created, not jurisdictional." *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). "Because the exhaustion requirement is not jurisdictional, courts may create exceptions to the exhaustion requirement." *Akbar*, 2009 WL 3062001, at *2 (citing *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006)); *accord Lopez*, 2011 WL 3438861, at *2. "Courts have excused a failure to exhaust when to do so would have been futile." *Akbar*, 2009 WL 3062001, at *2; *accord Lopez*, 2011 WL 3438861, at *2 ("Habeas petitioners can be excused from the exhaustion requirement if they can show that proceeding through the administrative remedy process would be an exercise in futility that served no useful purpose.").

As noted above, Petitioner has attached a letter from the BOP denying a request for *nunc pro tunc* relief and it is unclear whether this letter relates to the 43 days at issue here or some other credit. Nevertheless, read liberally, it is arguable that proceeding through the BOP's administrative remedy process would be futile because the denial of *nunc pro tunc* relief amounts to a predetermination by the BOP of the 43 days' credit at issue. Accordingly, the Court proceeds to the merits of the case. *See, e.g.*, *Lopez*, 2011 WL 3438861, at *3; *Kyles v. Fondren*, No. 08-cv-6074 (PAM/RLE), 2009 WL 4041491, at *4 (D. Minn. Nov. 18, 2009).

5

## B. No Credit for Time in Halfway House

In relevant part, 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences . . . ." (Emphasis added.) Petitioner essentially contends that the time he spent in the halfway house following his sentencing constitutes time spent in official detention and should be credited to his sentence.

First, Petitioner's sentence did not commence until he voluntarily surrendered himself on January 7, 2016. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Reno v. Koray*, 515 U.S. 50, 58 (1995).

Second, the time Petitioner spent in the halfway house does not constitute "official detention" for purposes of sentencing credit under 18 U.S.C. § 3585(b). "[C]redit for time served is available only to those defendants who were detained in a penal or correctional facility and who were subject to the [BOP]'s control." *United States v. Parris*, 741 F.3d 919, 923 (8th Cir. 2014) (quotation omitted). Following his sentencing, Petitioner was released pending his voluntary surrender date. As a condition of his release, he was required to maintain his residency at a pretrial halfway house. "A defendant who is 'released' is not in [the] BOP's custody . . . ." *Reno*, 515 U.S. at 63. Thus, "[w]hile on release [Petitioner] was not subject to [BOP] control and is therefore not entitled to credit under § 3585(b)." *Parris*, 741 F.3d at 922; *see Moreland v. United States*, 968 F.2d 655,

6

660 (8th Cir. 1992) ("When a presentence defendant is released to a halfway house, he is placed in the custody of the proprietors of the halfway house, not the Attorney General, and therefore is not in detention. Consistency would require that the defendant also not be considered in 'official detention' for purposes of sentencing credit.") (footnotes omitted).

Because Petitioner was neither detained in a penal or correctional facility nor subject to the BOP's control while in the halfway house, he was not under "official detention" for purposes of § 3585(b) and is not entitled to sentencing credit for the time spent in the halfway house.  *See Reno*, 515 U.S. at 65; *Parris*, 741 F.3d at 922; *White v. Jett*, No. 10-cv-0501, 2010 WL 5421480, at *5 (D. Minn. Nov. 18, 2010), *adopting report and recommendation*, 2010 WL 5421475 (D. Minn. Dec. 23, 2010).

[Continued on next page.]

## IV.   RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) **BE DENIED**.

2. This matter **BE DISMISSED WITH PREJUDICE**.

Dated: November __7__, 2017                       *s/ Tony N. Leung*
                                                                       Tony N. Leung
                                                                       United States Magistrate Judge
                                                                       for the District of Minnesota

                                                                       *Gundy v. United States*
                                                                       Case No. 17-cv-398 (MJD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).